# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERSCOPE RECORDS, UMG RECORDING, INC., and ATLANTIC RECORDING CORPORATION,<br><br>  Plaintiff,<br><br>vs.<br><br>YOLANA RODRIGUEZ,<br><br>  Defendant. | CIV. NO. 06cv2485-B (NLS)<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT, VACATING CLERK'S ENTRY OF DEFAULT AND GRANTING LEAVE TO AMEND THE COMPLAINT |

## I. INTRODUCTION

Interscope Records, UMG Recordings, Inc., and Atlantic Recording Corp. (collectively, "Plaintiffs") move the Court for entry of default judgment against Yolanda Rodriguez ("Defendant"). Because the Court finds that the complaint fails to sufficiently plead a claim upon which relief can be granted, the Court **DENIES** the motion, **VACATES** the Clerk's entry of default and **GRANTS** Plaintiffs leave to amend and re-serve the complaint within thirty (30 days) of the date of this order

## II. BACKGROUND

Plaintiffs filed a complaint against Defendant on November 14, 2007, alleging

1  copyright infringement. According to the complaint, Defendant used and continued to use an
2  online media distribution system to download Plaintiffs' copyrighted recordings and
3  distribute and/or make them available for distribution to the public. Defendant was served
4  with the summons and complaint by personal service on December 14, 2006. Plaintiff did
5  not file a responsive pleading and on April 13, 2007, the Clerk entered default. Notice of
6  entry of default was served on Defendant by mail on April 18, 2007. Plaintiffs then filed the
7  instant motion for entry of default judgment on July 19, 2007.

**III.  STANDARD OF LAW**

It is within the district court's discretion whether or not to enter default judgment. Albade v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Seven factors are generally considered before entering default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy . . . favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

**IV.  ANALYSIS**

In considering Plaintiffs' instant motion for default judgment, the Court has reviewed the complaint and the circumstances of the default according to the factors set forth in Eitel. The Court finds that entry of default judgment is not presently warranted because the complaint fails to sufficiently state a claim upon which relief may be granted.

The recent Supreme Court case, Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), sets forth a "plausibility" standard which a complaint must meet to sufficiently state a claim. " [A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S.Ct. at 1964-1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

As such, Plaintiff here must present at least some facts to show the plausibility of their allegations of copyright infringement against the Defendant. However, other than the bare

1  conclusory statement that on "information and belief" Defendant has downloaded, distributed
2  and/or made available for distribution to the public copyrighted works, Plaintiffs have
3  presented no facts that would indicate that this allegation is anything more than speculation.
4  The complaint is simply a boilerplate listing of the elements of copyright infringement
5  without any facts pertaining specifically to the instant Defendant.  The Court therefore finds
6  that the complaint fails to sufficiently state a claim upon which relief can be granted and
7  entry of default judgment is not warranted.
8       Accordingly, the Court **DENIES** Plaintiffs' motion for entry of default judgment and
9  **VACATES** the Court Clerk's entry of Default.  The Court **GRANT**S Plaintiffs leave to
10 amend the complaint.  Plaintiffs shall have thirty (30) days from the date of this Order to
11 amend the complaint and serve it on Defendant.  Defendant shall then have twenty (20) days
12 from the date of service to answer or otherwise file a responsive pleading.

14     **IT IS SO ORDERED.**

16 DATED:  August 17, 2007

                                     Hon. Rudi M. Brewster
                                     United States Senior District Court Judge

22 cc: Hon. Nita L. Stormes
       United States Magistrate Judge

        All Counsel of Record